<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RONALD RAHMAN,                    :
                                  :      Civil Action No. 10-0367 (JBS)
          Plaintiffs,             :
                                  :
          v.                      :      **OPINION**
                                  :
ERIC TAYLOR, et al.,              :
                                  :
          Defendants.             :

**APPEARANCES:**

RONALD RAHMAN, #222773
Devens FMC
P.O. Box 879
Ayer, MA 01432
Plaintiff <u>pro se</u>

**SIMANDLE,** District Judge

     Plaintiff Ronald Rahman, a pre-trial detainee currently
confined at Federal Medical Center Devens, seeks to bring this
action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging
violations of his constitutional rights.  Based on his affidavit
of indigence and the absence of three qualifying dismissals
within 28 U.S.C. §1915(g), the Court will grant Plaintiff's
application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C.
§ 1915(a) and order the Clerk of the Court to file the Complaint.

     At this time, the Court must review the Complaint to
determine whether it should be dismissed as frivolous or
malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff asserts claims arising from alleged overcrowding and understaffing at Camden County Correctional Facility against nineteen defendants.[1]  The Complaint is laden with conclusory statements and purported background information regarding the conditions of the facility, including information allegedly found in a March 2004 National Institute of Corrections report. Plaintiff alleges that understaffing in the medical department led to inadequate screening for communicable diseases.[2]

Plaintiff refers to the death of an inmate in January 2004 and the investigation of the circumstances surrounding the death

---

[1] The nineteen defendants are: Warden Eric Taylor; Deputy Warden Anthony Pizarro; Deputy Warden Charles Walker; Camden County Freeholder Rodney Greco; Deputy Warden Christopher Fossler; Camden County; CFG, Inc. (medical services provider); Jane Doe MA (admissions medical screener); Nurse C. Martinelli, LPN (infectious disease nurse); Nurse Jennifer Houston, RN; Doctor Jane Doe (medical director); Jane Doe #2 (corrections officer in mental health unit); Doctor John Doe #2 (radiologist); John Doe #6 "Leonard" (law library clerk); John Doe #3 (health inspector for Camden County Department of Health); John Doe #4 (Commissioner of Health); Camden County Department of Health; John Doe #5 (Commissioner of Health); New Jersey Department of Health.

[2] Plaintiff does not allege actual contraction of any communicable diseases or any other actual alleged harm arising from inadequate screening.

which noted overcrowding.  He makes the conclusory statement that
the "customs, policies and practices [of the facility] create a
substantial and unreasonable risk that inmates within CCCF will
either be injured during their incarceration or forced to endure
unhealthy, unsafe and unsanitary conditions."

Plaintiff asserts that as a direct result of the
overcrowding and understaffing, he has been "forced to live in an
environment that is unsafe, unsanitary and unhealthy" and alleges
the following to support that claim: inadequate sleeping
arrangements (cells designed to house one or two inmates now
house three to four inmates ); unsanitary meal service (dirty and
or cracked trays, fruit fly infestation); understaffed
maintenance crew (delayed response time for clogged toilet and
heating/air-conditioning malfunctions); inadequate toiletry
supplies; inadequate laundry services; failure to provide proper
caloric intake; "Punitive Detention" (alleges that he was housed
in the "Intake/Diagnostic Unit" or "I/D unit" from June 11, 2009
to July 2, 2009 when other inmates are usually only housed in
that unit for three to seven days until medical
clearance/classification has been completed); inadequate medical
staff; "Promote Tuberculosis" (alleges exposure to tuberculosis
when came into contact with an inmate who allegedly was "known to
harbor a resistant strain of tuberculosis in active pathogenic
form." Plaintiff does not allege contracting tuberculosis.);

3

retaliation (alleges retaliation for filing grievances including inability to copy and file his lawsuit, law library clerk reading his complaint, being told he was "black balled" from using the library,[3] issues with family visitation, denial of commissary items); access to the Courts (alleges no access to phone calls to the courts or attorneys, no access to New Jersey Administrative Code, sometimes no ink in library printer).

Plaintiff states that he has submitted inmate grievance forms for all of the conditions listed above but has not received any follow up.

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the

---

[3]It should be noted that even though Plaintiff complains that he is prohibited from using the law library, in the subsequent section "Access to the Courts" Plaintiff states that he is permitted two and a half hours of law library use per week or approximately ten hours per month.

plaintiff.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a <u>pro se</u> plaintiff's "bald assertions" or "legal conclusions."  <u>Id.</u>

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (interpreting predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  <u>Deutsch v. United States</u>, 67 F.3d 1080, 1086-97 (3d Cir. 1995).

Any complaint filed in a federal court must comply with the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(d)(1) requires that allegations of the pleading must be "simple, concise, and direct."  A complaint must plead facts sufficient at least to "suggest" a basis for liability.  <u>Spruill v. Gillis</u>, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and

the grounds upon which it rests.'"  Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).

The Supreme Court has demonstrated the application of these general standards to a Sherman Act conspiracy claim.

> In applying these general standards to a § 1 [conspiracy] claim, we hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made.  Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.  And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely."  ...  It makes sense to say, therefore, that an allegation of parallel conduct and a bare assertion of conspiracy will not suffice.  Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.  Hence, when allegations of parallel conduct are set out in order to make a § 1 claim, they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.

6

> The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief." A statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting the agreement necessary to make out a § 1 claim; without that further circumstance pointing toward a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory. ...

Twombly, 127 S.Ct. at 1965-66 (citations and footnotes omitted).

The Court of Appeals for the Third Circuit has held, in the context of a § 1983 civil rights action, that the Twombly pleading standard applies outside the § 1 antitrust context in which it was decided.  See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read Twombly so narrowly as to limit its holding on plausibility to the antitrust context").

> Context matters in notice pleading. Fair notice under Rule 8(a)(2) depends on the type of case -- some complaints will require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Indeed, taking Twombly and the Court's contemporaneous opinion in Erickson v. Pardus, 127 S.Ct. 2197 (2007), together, we understand the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8.  Put another way, in light of Twombly, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief.  We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests.

Phillips, 515 F.3d at 232 (citations omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions -- which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted -- and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Although the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

> Therefore, after Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" This "plausibility" determination will be "a context-specific task that requires the reviewing court

to draw on its judicial experience and common sense."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)

(citations omitted).

Rule 10(b) of the Federal Rules of Civil Procedure provides:

> A party must state its claims ... in numbered
> paragraphs, each limited as far as practicable to a
> single set of circumstances.  ...  If doing so would
> promote clarity, each claim founded on a separate
> transaction or occurrence ... must be stated in a
> separate count or defense.

Rule 18(a) controls the joinder of claims. In general, "[a]

party asserting a claim ... may join as independent or

alternative claims, as many claims as it has against an opposing

party."

Rule 20(a)(2) controls the permissive joinder of defendants

in pro se prisoner actions as well as other civil actions.

> Persons ... may be joined in one action as defendants
> if:
>     (A) any right to relief is asserted against them
> jointly, severally, or in the alternative with respect
> to or arising out of the same transaction, occurrence,
> or series of transactions or occurrences; and
>     (B) any question of law or fact common to all
> defendants will arise in the action.

(emphasis added).  See, e.g., Pruden v. SCI Camp Hill, 252

Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th

Cir. 2007).

In actions involving multiple claims and multiple

defendants, Rule 20 operates independently of Rule 18.

> Despite the broad language of rule 18(a),
> plaintiff may join multiple defendants in a single

9

> action only if plaintiff asserts at least one claim to
> relief against each of them that arises out of the same
> transaction or occurrence and presents questions of law
> or fact common to all.  If the requirements for joinder
> of parties have been satisfied, however, Rule 18 may be
> invoked independently to permit plaintiff to join as
> many other claims as plaintiff has against the multiple
> defendants or any combination of them, even though the
> additional claims do not involve common questions of
> law or fact and arise from unrelated transactions.

7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane,

Federal Practice and Procedure, § 1655 (3d ed. 2009).

Where a complaint can be remedied by an amendment, a

district court may not dismiss the complaint with prejudice, but

must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34

(1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d

Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane

v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal

pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg

County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C.

§ 1983 for certain violations of his constitutional rights.

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-

91 (3d Cir. 1995).

Finally, a § 1983 action brought against a person in his or her official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." <u>Monell</u>, 436 U.S. at 690 n.55. "[I]n an official-capacity action, ... a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985) (internal quotation marks and citations omitted).

## IV.   <u>ANALYSIS</u>

### A.   <u>Claims Against New Jersey Commissioner of Health and New Jersey Department of Health</u>

The New Jersey Commissioner of Health and the New Jersey Department of Health are immune from suit in federal court under the Eleventh Amendment to the United States Constitution.  The Eleventh Amendment provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh

Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  <u>See</u>, <u>e.g.</u>, <u>Edelman v. Jordan</u>, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  <u>Pennhurst State School and Hospital v. Halderman</u>, 465 U.S. 89, 100 (1984). Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities.  <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985).  Section 1983 does not override a state's Eleventh Amendment immunity.  <u>Quern v. Jordan</u>, 440 U.S. 332 (1979).

Title 28 Sections 1915(e)(2)(B)(iii) and 1915A(b)(2) require this Court to dismiss this action if it "seeks monetary relief from a defendant who is immune from such relief."

Thus, all claims against New Jersey Commissioner of Health, in his or her official capacity, and the New Jersey Department of Health will be dismissed with prejudice.

B.   <u>All Other Claims as to Remaining Defendants</u>

Plaintiff fails to satisfy the requirement of Federal Rule of Civil Procedure Rule 8(a)(2) that the Complaint set forth "a short and plain statement of the claim" and the requirement of Rule 8(d)(1) which requires the allegations to be "simple, concise, and direct."  Plaintiff's Complaint is 137 pages long and names nineteen defendants, many of whom are John/Jane Does.

13

It contains twenty-nine counts,[4] 149 paragraphs, and twenty-

---

[4]The twenty-nine separate counts contain allegations
regarding various defendants, either alone or in small groups.
Under each count, differing assertions and allegations of
violations are detailed, depending on the party/parties
complained of in that particular count. The count headings, as
listed in the body of the Complaint, are as follows:

I.      42 U.S.C. § 1983 claim against Taylor, Pizarro, Walker,
        Fossler, and Greco for Violating Plaintiff's Eighth
        Amendment Right to Safe and Healthy Prison Conditions.
II.     42 U.S.C. § 1983 claim against Taylor, Pizarro, Walker,
        Fossler, and Greco for Violating Plaintiff's Right to
        Safe and Healthy Prison Conditions Under the Due
        Process Clause of the Fourteenth Amendment.
III.    42 U.S.C. § 1983 claim against the County for Violating
        Plaintiff's Eighth Amendment Right to Safe and Healthy
        Prison Conditions.
IV.     42 U.S.C. § 1983 claim against the County for Violating
        Plaintiff's Right to Safe and Healthy Prison Conditions
        Under the Due Process Clause of the Fourteenth
        Amendment.
V.      42 U.S.C. § 1983 claim against CFG, Inc. for Violating
        Plaintiff's Eighth Amendment Right to Safe and Healthy
        Prison Conditions.
VI.     42 U.S.C. § 1983 claim against CFG, Inc. for Violating
        Plaintiff's Right to Safe and Healthy Prison Conditions
        Under the Due Process Clause of the Fourteenth
        Amendment.
VII.    42 U.S.C. § 1983 claim against Martinelli, Houston,
        Doe-MA and Doe-MD for Violating Plaintiff's Eighth
        Amendment Right to Safe and Healthy Prison Conditions.
VIII.   42 U.S.C. § 1983 claim against Martinelli, Houston,
        Doe-MA and Doe-MD for Violating Plaintiff's Right to
        Safe and Healthy Prison Conditions Under the Due
        Process Clause of the Fourteenth Amendment.
IX.     42 U.S.C. § 1983 claim against Doe-CO for Violating
        Plaintiff's Eighth Amendment Right to Safe and Healthy
        Prison Conditions.
X.      42 U.S.C. § 1983 claim against Doe-CO for Violating
        Plaintiff's Right to Safe and Healthy Prison Conditions
        Under the Due Process Clause of the Fourteenth
        Amendment.
XI.     42 U.S.C. § 1983 claim against Doe-RA for Violating
        Plaintiff's Eighth Amendment Right to Safe and Healthy
        Prison Conditions.
XII.    42 U.S.C. § 1983 claim against Doe-RA for Violating

```
                    Plaintiff's Right to Safe and Healthy Prison Conditions
                    Under the Due Process Clause of the Fourteenth
                    Amendment.
XIII.               42 U.S.C. § 1983 claim against Doe #3 for Violating
                    Plaintiff's Eighth Amendment Right to Safe and Healthy
                    Prison Conditions.
XIV.                42 U.S.C. § 1983 claim against Doe #3 for Violating
                    Plaintiff's Right to Safe and Healthy Prison Conditions
                    Under the Due Process Clause of the Fourteenth
                    Amendment.
XV.                 42 U.S.C. § 1983 claim against Doe #4 for Violating
                    Plaintiff's Eighth Amendment Right to Safe and Healthy
                    Prison Conditions.
XVI.                42 U.S.C. § 1983 claim against Doe #4 for Violating
                    Plaintiff's Right to Safe and Healthy Prison Conditions
                    Under the Due Process Clause of the Fourteenth
                    Amendment.
XVII.               42 U.S.C. § 1983 claim against Camden County Department
                    of Health for Violating Plaintiff's Eighth Amendment
                    Right to Safe and Healthy Prison Conditions.
XVIII.              42 U.S.C. § 1983 claim against Camden County Department
                    of Health for Violating Plaintiff's Right to Safe and
                    Healthy Prison Conditions Under the Due Process Clause
                    of the Fourteenth Amendment.
XIX.                42 U.S.C. § 1983 claim against Doe #5 for Violating
                    Plaintiff's Eighth Amendment Right to Safe and Healthy
                    Prison Conditions.
XX.                 42 U.S.C. § 1983 claim against Doe #5 for Violating
                    Plaintiff's Right to Safe and Healthy Prison Conditions
                    Under the Due Process Clause of the Fourteenth
                    Amendment.
XXI.                42 U.S.C. § 1983 claim against New Jersey Department of
                    Health for Violating Plaintiff's Eighth Amendment Right
                    to Safe and Healthy Prison Conditions.
XXII.               42 U.S.C. § 1983 claim against New Jersey Department of
                    Health for Violating Plaintiff's Right to Safe and
                    Healthy Prison Conditions Under the Due Process Clause
                    of the Fourteenth Amendment.
XXIII.              42 U.S.C. § 1983 claim against Taylor, Pizarro, Walker,
                    Fossler, and Greco for Violating Plaintiff's First
                    Amendment Right to Freedom from Retaliation.
XXIV.               42 U.S.C. § 1983 claim against the County for Violating
                    Plaintiff's First Amendment Right to Freedom from
                    Retaliation.
XXV.                42 U.S.C. § 1983 claim against Doe-MA and Doe-MD for
                    Violating Plaintiff's First Amendment Right to Freedom
```

15

seven elements listed in his Prayer for Relief.

Furthermore, the Complaint fails to comply with Rule 20(a)(2) which limits joinder of defendants, and Rule 18(a) which governs joinder of claims.  Although the Complaint includes various references to a long list of alleged constitutional violations, it fails to allege any facts permitting this Court to determine that joinder of the Defendants and claims would be proper under Rules 18 and 20.  He has not alleged any facts linking <u>all</u> of the defendants to any <u>one</u> claim of alleged constitutional violation.

Accordingly, this Court will dismiss the Complaint against the remaining Defendants for failure to comply with Rule 8(a)(2) and (d)(1).  The dismissal is without prejudice to the filing of an amended complaint which complies with the pleading requirements of the Federal Rules of Civil Procedure, within 30 days of the date of the entry of the Order accompanying this Opinion.

---

| | from Retaliation. |
|---|---|
| XXVI. | 42 U.S.C. § 1983 claim against CFG, Inc. for Violating Plaintiff's First Amendment Right to Freedom from Retaliation. |
| XXVII. | 42 U.S.C. § 1983 claim against Doe #6 for Violating Plaintiff's First Amendment Right to Freedom from Retaliation. |
| XXVIII. | 42 U.S.C. § 1983 claim against Taylor, Pizarro, Walker, Fossler, and Greco for Violating Plaintiff's First Amendment Right to Access to Courts. |
| XXIX. | 42 U.S.C. § 1983 claim against the County for Violating Plaintiff's First Amendment Right to Access to Courts. |

As a preliminary matter to filing an amended complaint, Plaintiff should ensure that any administrative remedies available to him have first been exhausted as required by 42 U.S.C. 1997e(a).  Should Plaintiff wish to file an amended complaint, each count must consist of a short and plain statement of the claim against each defendant pursuant to Rule 8(a)(2) indicating to the Court who each defendant is and what actions that defendant(s) took or failed to take that would entitle Plaintiff to relief.  The claims must be set forth in a clear and concise manner pursuant to Rule 8(d)(1) and must contain factual allegations sufficient to establish that the defendant(s) would be liable to the Plaintiff if the allegations are proven to be true.  Each claim must be limited to a single set of circumstances as required by Rule 10(b).

Furthermore, Plaintiff must comply with Rule 20 regarding permissive joinder of parties and ensure that multiple defendants are properly joined only where at least one claim against all defendants arises out of the same occurrence.

V.   <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's Complaint will be dismissed with prejudice pursuant to the Eleventh Amendment as to Defendant New Jersey Commissioner of Health, in his or her official capacity, and Defendant New Jersey Department of Health. The Complaint will be dismissed without prejudice as to the

17

remaining Defendants for failure to comply with Rule 8(a)(2) and (d)(1).

An appropriate order follows.


 **s/ Jerome B. Simandle**
Jerome B. Simandle
United States District Judge

Dated:  **May 27, 2010**