```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RONALD RAHMAN, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 10-0367 (JBS/KMW) |
| v. | |
| ERIC TAYLOR, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, Chief Judge:

This matter is before the Court on three motions: the motion of Defendant Dr. Jeffrey D. Pomerantz for summary judgment [Docket Item 70], Plaintiff's motion to stay decision on Defendant's summary judgment motion pending further discovery [Docket Item 80], and Plaintiff's motion for extension of time to file a motion for reconsideration of the Court's September 20, 2011 Opinion and Order granting summary judgment as to Defendant CFG, Inc. [Docket Item 90]. THE COURT FINDS AS FOLLOWS:

1. Plaintiff Ronald Rahman claims, in this 42 U.S.C. § 1983 action, to have contracted tuberculosis as a result of the alleged deliberate indifference of Defendant Pomerantz while Plaintiff was in custody at the Camden County Correctional Facility ("CCCF"). Plaintiff was held as a pre-trial detainee in CCCF from June 11, 2009 until January 19, 2010.

2. On October 14, 2011, Defendant Pomerantz moved for summary judgment, arguing that there is no evidence in the record

creating a material dispute of fact as to several elements of Plaintiff's claims against Defendant Pomerantz.  Among the arguments presented, Defendant Pomerantz argues that no dispute of fact exists from which a factfinder could reasonably conclude that Plaintiff contracted tubculosis during the time he was confined in CCCF under Defendant's care.  Thus, Defendant claims, no dispute of fact exists upon which proximate cause of Plaintiff's injuries could be found.

    3.  In support of this proposition, Defendant Pomerantz points to evidence in the record demonstrating that after Plaintiff was transferred out of CCCF on January 19, 2010, he was administered two separate tests for tuberculosis, one on January 20, 2010, and one on March 15, 2010, and that both tests were subsequently read as negative for tuberculosis.  Def.'s Supplemental Exhibit A, Salem CCF Rahman 8; Def.'s Supplemental Exhibit B, Rahman BOP Meds 8.  Defendant then points to evidence in the record indicating that Plaintiff was shuttled through at least five different federal detention facilities over the following year, from March of 2010 until March of 2011.  Rahman BOP Meds 39-117.  Defendant then states that after these multiple transfers and approximately fourteen months after Plaintiff departed the CCCF, evidence in the record indicates that Plaintiff tested positive for tuberculosis for the first time on March 14, 2011.  Rahman BOP Meds 187.  Upon this record,

Defendant argues, there is no dispute of fact upon which a factfinder could reasonably conclude that Plaintiff contracted tuberculosis as a result of Defendant Pomerantz's actions.

4. Rather than file opposition to Defendant's motion, Plaintiff filed a request for a continuance pursuant to Fed. R. Civ. P. 56(d) [Docket Item 73] and a motion for an extension of time to file opposition to the motion [Docket Item 80]. In these filings, Plaintiff argues that additional discovery is needed before he can adequately file opposition to the motion. Specifically, Plaintiff identifies discovery related to whether or not other inmates at CCCF may have been infected with tuberculosis during the time he was an inmate at CCCF.

5. Rule 56(d) states that the Court may delay decision on or deny a pending motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition". Fed. R. Civ. P. 56(d). The Third Circuit has long interpreted this rule (and its predecessor, Rule 56(f)) to require that "a party seeking further discovery in response to a summary judgment motion submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." Dowling v. City of Philadelphia, 855 F.2d 136, 140-41 (3d Cir. 1988). Vague or general statements of what a party

hopes to gain through a delay for discovery under Rule 56(d) are insufficient. Hancock Indus. v. Schaeffer, 811 F.2d 225, 230 (3d Cir. 1987).

6. Plaintiff's filings do not satisfy this standard. The record evidence demonstrates that Plaintiff's first positive test for tuberculosis occurred fourteen months after departing CCCF, and that Plaintiff had been an inmate in at least six other federal and state institutions between his departure from CCCF and his positive test for tuberculosis. The record further demonstrates that, contrary to Plaintiff's allegation in his Second Amended Complaint, Plaintiff did not receive any positive test for tuberculosis in March of 2010. See Second Amended Complaint at 25 ¶ 19. Indeed, Plaintiff's Bureau of Prisons medical records demonstrate that on at least eight different circumstances in the months after March 2010, Plaintiff reported to various Bureau of Prisons medical staff that he had never before tested positive for tuberculosis. Rahman BOP Meds 25, 41, 47, 58, 90, 130, 139, 177.[1] It bears repeating that each of these records were generated after Plaintiff had initiated the instant action, in which he claimed to have contracted tuberculosis at CCCF.

---

[1] For example, on April 8, 2010, Plaintiff responded to a nursing assessment questionnaire at FMC Devens as follows: "What needs does the patent verbalize? No medical problems / I am perfectly perfect." Rahman BOP Meds 47.

7.  The record in this two-year-old case further includes the certification of Sandra Vargas, RN, whose duties as Director of Correctional Services for CFG Health Systems include the CCCF, that no case of active tuberculosis was either diagnosed or treated at CCCF during the period from June 11, 2009 through January 19, 2010 when Plaintiff was confined there.  Vargas Supplemental Cert. ¶ 4, attached to Def.'s Motion for Summary Judgment.  Furthermore, the record already contains the medical treatment records of a fellow inmate, E.E., the sole individual whom Plaintiff alleges transmitted tuberculosis to him at CCCF, and those records demonstrate that E.E. was isolated, tested at a hospital, and that further medical tests returned negative for tuberculosis.  Vargas Cert. ¶¶ 9-10.  Against this background, Plaintiff nonetheless seeks to rummage through other inmates' medical records at CCCF to try to find somebody there who may have had tuberculosis.  This would be a discovery "fishing expedition" which the Federal Rules of Civil Procedure do not permit.

8.  Plaintiff has not explained how the discovery he seeks would create a dispute of fact that would permit a factfinder to reasonably conclude that he contracted tuberculosis as a result of any actions taken by Defendant Pomerantz at CCCF, when the record indicates that Plaintiff tested negative for tuberculosis two months after leaving the CCCF, and did not test positive for

tuberculosis until fourteen months after leaving the CCCF.  Even were Plaintiff to obtain all the records he has identified, and even were those records to contain evidence from which a factfinder could reasonably conclude that some inmate in the CCCF had a contagious form of tuberculosis while Plaintiff was still housed there, Plaintiff has not explained how this evidence would permit a reasonable factfinder to find in his favor on proximate causation, given Plaintiff's subsequent history of negative tuberculosis tests and the multiple other potential sources of infection and contact.

9.  Therefore, the Court will not delay decision on Defendant's motion for summary judgment for further discovery and will deny Plaintiff's Rule 56(d) motion to the extent he seeks such further delay.  The Court will, however, permit Plaintiff the opportunity to file opposition to the motion, provided such opposition is filed no later than May 14, 2012.  If opposition is filed by this date, Defendant will be permitted a reply brief if filed no later than May 21, 2012.  If no opposition is filed by May 14, the Court will decide Defendant's motion for summary judgment on the basis of the current record.

10.  As to Plaintiff's motion for extension of time to file a motion for reconsideration of the Court's September 20, 2011 Opinion and Order granting summary judgment as to Defendant CFG, the Court will likewise deny Plaintiff's motion.  The deadline to

file a motion for reconsideration of the Order granting summary judgment expired fourteen days after the entry of the Order, on October 4, 2011, pursuant to L. Civ. R. 7.1(i). Plaintiff filed his motion for an extension of time on December 20, 2011, more than two months after the deadline had passed.

 11. Federal Rule 6(b)(1) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Plaintiff states that excusable neglect was satisfied in this case because, on October 19, 2011, he attempted to file a motion to appoint pro bono counsel, which was not properly handled by the FDC Philadelphia legal mail service.

 12. The Court finds that this explanation does not satisfy the excusable neglect standard. The Supreme Court, in <u>Pioneer Inv. Svcs. Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380, 395 (1993), articulated four "excusable neglect" factors: "the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." <u>Id.</u> In the present case, these factors do not favor Plaintiff. The length of the delay is substantial, as more

than six months have now passed since the expiration of the two-week deadline to file a motion for reconsideration.  While there is no particular showing of prejudice on the part of the Defendants, the impact on the judicial proceedings would be substantial as this case is more than two years old and has already suffered from multiple procedural delays.  Additionally, Plaintiff's explanation for missing the deadline is insufficient.  Plaintiff apparently took no action to seek reconsideration until December 20, 2011, which was well after the deadline had already elapsed.  Indeed, even if Plaintiff's application for pro bono counsel had been promptly delivered, he still would not have satisfied the deadline.  Therefore, the failure to meet the deadline was clearly within the control of Plaintiff.  The Court will, consequently, deny Plaintiff's motion for an extension of time to file a motion for reconsideration.

13.  In sum, the Court will deny Plaintiff's motion to delay adjudication of Defendant's motion for summary judgment, and will likewise deny Plaintiff's motion for an extension of time to file a motion for reconsideration.  Plaintiff's opposition to Defendant Pomerantz's motion for summary judgment is due on or before May 14, 2012.  The accompanying Order will be entered.


**April 30, 2012**                              **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                                Chief U.S. District Judge