IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
                            :
RONALD RAHMAN,              :       HON. JEROME B. SIMANDLE
                            :
            Plaintiff,      :       Civil No. 10-0367 (JBS/KMW)
                            :
      v.                    :
                            :       MEMORANDUM OPINION
ERIC TAYLOR, et al.,        :
                            :
            Defendants.     :
                            :
```

**SIMANDLE**, Chief Judge:

     This matter is before the Court on the motion of Defendant
Dr. Jeffrey D. Pomerantz for summary judgment.  [Docket Item 70.]
THE COURT FINDS AS FOLLOWS:

     1.  Plaintiff Ronald Rahman claims, in this 42 U.S.C. § 1983
action, to have contracted tuberculosis as a result of the
alleged deliberate indifference of Dr. Defendant Pomerantz while
Plaintiff was in custody at the Camden County Correctional
Facility ("CCCF").  Plaintiff was held as a pre-trial detainee in
CCCF from June 11, 2009 until January 19, 2010.  Defendant
Pomerantz was the Medical Director of the CCCF during Plaintiff's
confinement there.  The factual and procedural history of
Plaintiff's time at the CCCF and his subsequent litigation of
this case have been discussed in the Court's prior Opinions in
this action, e.g., the Court's September 20, 2011 Opinion.
Rahman v. Taylor, Civ. No. 10-0367, 2011 WL 4386733 (D.N.J. Sep.
20, 2001).

2.  The Court previously granted the motion of Defendant CFG Health Systems, LLC for summary judgment.  [Docket Items 67 & 68.]  Subsequently, Defendant Pomerantz moved for summary judgment, arguing that there is no evidence in the record creating a material dispute of fact that Defendant Pomerantz acted with the requisite deliberate indifference as to Plaintiff's medical care, or that Plaintiff contracted tubculosis during the time he was confined in CCCF under Defendant's care.

3.  Plaintiff did not file opposition to Defendant Pomerantz's motion.  Instead, Plaintiff filed a request for a continuance pursuant to Fed. R. Civ. P. 56(d) [Docket Item 73] and a motion for an extension of time to file opposition to the motion [Docket Item 80].  The Court denied Plaintiff's requests for further discovery on April 30, 2012, but provided Plaintiff with an additional two weeks to file opposition to the motion. [Docket Items 110 & 111.]  Plaintiff has not responded to the Court's invitation with any further opposition or argument.

4.  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the

suit under the applicable rule of law.  Id.  Summary judgment will not be denied based on mere allegations or denials in the pleadings; instead, some evidence must be produced to support a material fact.  Fed. R. Civ. P. 56(c)(1)(A); United States v. Premises Known as 717 S. Woodward Street, Allentown, Pa., 2 F.3d 529, 533 (3d Cir. 1993).  The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).  A motion for summary judgment must be granted when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

5.  Applying this standard, Defendant Pomerantz's motion for summary judgment will be granted.  Plaintiff has failed to make a sufficient showing of a dispute of fact as to both Defendant Pomerantz's lack of deliberate indifference and as to proximate cause, both of which are essential elements in Plaintiff's § 1983 claim against Defendant.

6.  Plaintiff alleges that his Fourteenth Amendment due process rights were violated by Defendant Pomerantz due to the medical treatment Plaintiff endured while under Defendant's care in the CCCF from June 11, 2009 until January 19, 2010.  The Court

has already determined (in its September 20, 2011 Opinion) the appropriate elements for which Plaintiff must demonstrate a dispute of fact in order to survive summary judgment: (1) that he suffered from a serious medical need, (2) acts or omissions of the defendant prison official that indicated deliberate indifference to that need, and (3) that defendant's acts or omissions (demonstrating deliberate indifference) were the proximate cause of the injuries and damages that the plaintiff has alleged.  Burns v. PA Dept. of Corrections, 642 F.3d 163, 180-81 (3d Cir. 2011).

7.  Defendant Pomerantz argues first that Plaintiff can point to no dispute of fact that the care Pomerantz provided at CCCF rose to the level of deliberate indifference.  The Third Circuit has found acts or omissions that indicate deliberate indifference in cases where

> the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.

Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  The Court finds that Plaintiff can not point to evidence establishing a dispute of fact that Defendant Pomerantz's actions meet this standard.

8.  Plaintiff alleges that Defendant Pomerantz exhibited the

requisite deliberate indifference by implementing and maintaining a practice of unreasonably unhealthy conditions at CCCF.  Sec. Am. Compl. at 33.  Specifically, Plaintiff alleges that by permitting Plaintiff to remain housed in the intake unit, where he may have been exposed to other inmates infected with tuberculosis, and by otherwise failing to take specific medical treatment steps to screen for tuberculosis, Defendant Pomerantz exhibited constitutionally deficient deliberate indifference to Plaintiff's serious medical needs.  Id.

9.  Defendant argues that Plaintiff has provided no evidence establishing a dispute of fact in his favor on this point. Defendant points to undisputed facts that there were tuberculosis screening procedures in place at the CCCF during Plaintiff's stay, points to a lack of evidence that any inmate in the CCCF carried an infectious form of tuberculosis during the time of Plaintiff's stay, and points to the undisputed fact that Defendant was not responsible for Plaintiff's housing assignments at CCCF.  Def.'s Statement of Undisputed Material Facts ¶¶ 17-20, 59-62, 64.  The Court agrees with Defendant that the record contains no dispute of fact that Defendant Pomerantz committed any act or omission that would meet the threshold of deliberate indifference from Rouse v. Plantier.  Consequently, the Court will grant Defendant's motion for summary judgment on this ground.

10.   Secondly, Defendant Pomerantz argues that no dispute of fact exists demonstrating that any action or omission by Defendant Pomerantz could have proximately caused the harm of which Plaintiff complains, namely, infection with tuberculosis. To reiterate, Plaintiff alleges that he was injured by Defendant's actions and/or omissions because he was infected with tuberculosis as a result of Defendant's policies and treatment at the CCCF.  In support of this claim, Plaintiff alleges that he tested positive for tuberculosis at a federal detention facility in March of 2010, a mere two months after being transferred out of CCCF. Sec. Am. Compl. at 25 ¶ 19.

11. Defendant argues that the record evidence contradicts this allegation and further contains no dispute of fact upon which a reasonable factfinder could conclude that Plaintiff contracted tuberculosis while housed in the CCCF, much less as a result of Defendant Pomerantz's actions or omissions.  In support of this proposition, Defendant Pomerantz points to evidence in the record demonstrating that after Plaintiff was transferred out of CCCF on January 19, 2010, he was administered two separate tests for tuberculosis, one on January 20, 2010, and one on March 15, 2010, and that both tests were subsequently read as <u>negative</u> for tuberculosis.  Def.'s Supplemental Exhibit A, Salem CCF Rahman 8; Def.'s Supplemental Exhibit B, Rahman BOP Meds 8. Defendant then points to evidence in the record indicating that

Plaintiff was shuttled through at least five different federal detention facilities over the following year, from March of 2010 until March of 2011. Rahman BOP Meds 39-117. Defendant then states that after these multiple transfers and approximately fourteen months after Plaintiff departed the CCCF, evidence in the record indicates that Plaintiff tested positive for tuberculosis for the first time on March 14, 2011. Rahman BOP Meds 187. Upon this record, Defendant argues, there is no dispute of fact upon which a factfinder could reasonably conclude that Plaintiff contracted tuberculosis as a result of Defendant Pomerantz's actions.

12. The Court agrees that no dispute of fact exists in the record from which a factfinder could reasonably conclude that Plaintiff contracted tuberculosis at the CCCF. Indeed, the Court notes that Plaintiff's Bureau of Prisons medical records demonstrate that on at least eight different circumstances in the months after March 2010 (when Plaintiff alleges he tested positive for tuberculosis), Plaintiff reported to various Bureau of Prisons medical staff that he had never before tested positive for tuberculosis. Rahman BOP Meds 25, 41, 47, 58, 90, 130, 139, 177.[1] It bears repeating that each of these records were

---

[1] For example, on April 8, 2010, Plaintiff responded to a nursing assessment questionnaire at FMC Devens as follows: "What needs does the patent verbalize? No medical problems / I am perfectly perfect." Rahman BOP Meds 47.

generated <u>after</u> Plaintiff had initiated the instant action, in which he claimed to have contracted tuberculosis at CCCF.

13.  The Court further notes that the record includes the uncontradicted certification of Sandra Vargas, RN, whose duties as Director of Correctional Services for CFG Health Systems include the CCCF, that no case of active tuberculosis was either diagnosed or treated at CCCF during the period from June 11, 2009 through January 19, 2010 when Plaintiff was confined there. Vargas Supplemental Cert. ¶ 4, attached to Def.'s Motion for Summary Judgment.  Furthermore, the record already contains the medical treatment records of a fellow inmate, E.E., the sole individual whom Plaintiff alleges transmitted tuberculosis to him at CCCF, and those records demonstrate that E.E. was isolated, tested at a hospital, and that further medical tests returned <u>negative</u> for tuberculosis.  Vargas Cert. ¶¶ 9-10.

14. Consequently, the Court concludes that summary judgment must be granted against Plaintiff's claims against Defendant Pomerantz because Plaintiff fails to point to evidence establishing a dispute of fact as to whether any action or omisssion of Defendant's proximately caused any injury to Plaintiff.

15.  In sum, the Court will grant Defendant's motion for summary judgment because no dispute of fact exists in the record from which a factfinder could reasonably conclude either that

Defendant's actions or omissions amounted to deliberate

indifference to a serious medical need of Plaintiffs, or that

Plaintiff suffered any injury that was proximately caused by

Defendant.  The accompanying Order will be entered.


**June 11, 2012**                             **s/ Jerome B. Simandle**
Date                                  JEROME B. SIMANDLE
                                      Chief U.S. District Judge