IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RONALD RAHMAN,

               Plaintiff,

    v.

ERIC TAYLOR, et al.,

               Defendants.

HON. JEROME B. SIMANDLE

Civil No. 10-0367 (JBS/KMW)

**OPINION**

Ronald Rahman
10 Ashton Lane
Sicklerville, NJ 08081
    Plaintiff Pro Se

Howard Lane Goldberg, Esq.
Office of Camden County Counsel
520 Market Street
Courthouse 14th Floor
Camden, NJ 08102-1375
    Attorney for Defendant Eric Taylor and Camden County
    Department of Corrections

**I.  INTRODUCTION**

Plaintiff Ronald Rahman brought this action alleging that

he suffered overcrowded and unsanitary conditions and was

subjected to constitutionally infirm medical treatment while he

was a pre-trial detainee at Camden County Correctional Facility

("CCCF") from June 11, 2009 to January 19, 2010. Before the

Court is the motion for summary judgment of Defendants Eric

Taylor[1] and the Camden County Department of Corrections. [Docket

---

[1] Taylor is CCCF's warden.

Item 126.] Plaintiff has not filed opposition to this motion, nor has Plaintiff adduced any evidence to support his claims. Defendants' motion will be granted.

**II.  BACKGROUND**

**A. Plaintiff's Allegations**

In his pleadings, Rahman alleged that CCCF is "extremely overcrowded" and "exceptionally understaffed." (Docket Item 77, Second Amended Complaint ("SAC") at 4 ¶ 3.) He alleged that the policy and practice of inadequately housing and understaffing CCCF was implemented and/or knowingly tolerated by high-ranking Camden County and CCCF officials. (SAC at 5 ¶ 4.)[2]

Plaintiff stated in his pleadings that he has "been forced to live in an environment that is unsafe, unsanitary, and unhealthy." (SAC at 10 ¶ 15.) For example, he noted that his mattress was so thin and light that he could carry it between two fingers. (SAC at 10 ¶ 16(b).) He has complained about the sanitation in his cell and in his living area, and with regard to his laundry.

Plaintiff alleged that conditions were also problematic in the Intake/Diagnostic ("I/D") unit. For example, he alleged that 100 people shared two showers and Plaintiff was denied shower

---

[2] The SAC references reports, such as a National Institute of Corrections report titled "Local System Assessment for Camden County New Jersey Correctional Facility." (<u>E.g.</u>, SAC at 5 ¶ 6.) Plaintiff has not produced these reports.

shoes. (SAC at 14 ¶ (h).) He complained about cleanliness of the showers. (SAC at 16, 19.) He alleged that only a single bar of soap was provided. (SAC at 16 ¶ (iii).)

He complained that commissary items, grievance forms, reading and writing materials, and religious services were not made sufficiently available. (SAC at 16 ¶¶ (iv)-(vii).) He complained that his meals were placed on the floor or the mattress because the table could only accommodate one person. (SAC at 19.)[3]

Plaintiff alleged that these conditions constituted cruel and unusual punishment in violation of the Eight Amendment, the Fourteenth Amendment, and 42 U.S.C. § 1983. Plaintiff alleged that "Taylor is aware that the Plaintiff was exposed to an unreasonable risk of injury and disease . . ." and that Taylor

---

[3] Plaintiff's SAC also extensively described his alleged exposure to tuberculosis. Those allegations have been summarized extensively in previous opinions [Docket Items 67 & 117]; the Court has not repeated them here. The Court noted in previous Opinions that Plaintiff's allegations lacked evidentiary support. For example, "Plaintiff's Bureau of Prisons medical records demonstrate that on at least eight different circumstances in the months after March 2010 (when Plaintiff alleges that he tested positive for tuberculosis), Plaintiff reported to various Bureau of Prisons medical staff that he had never before tested positive for tuberculosis." Rahman v. Taylor, CIV. 10-0367 (JBS/KMW), 2012 WL 2132419, *3 (D.N.J. June 12, 2012). The Court also noted that the record included an uncontradicted certification from the Director of Correctional Services for CFG Health Systems, which provides medical care at CCCF, "that no case of active tuberculosis was either diagnosed or treated at CCCF during the period from June 11, 2009 through January 19, 2010 when Plaintiff was confined there." Id. at *3.

acted "with deliberate indifference to the known and
unreasonable risks to the Plaintiff [and] allowed the unhealthy,
unsafe, and unsanitary environment to persist at CCCF." (SAC at
26-27 ¶ 22.)

### B. Procedural History

This case has an extensive procedural history, and the
Court only summarizes the history relevant to the present
motion. The Court granted summary judgment to Defendant CFG
Health Systems, Inc. [Docket Item 67] because Plaintiff failed
to identify disputed issues of material fact such that a
reasonable jury could find that Plaintiff suffered from a
serious medical need relating to his alleged exposure to
tuberculosis or that CFG indicated deliberate indifference to
that need. The Court granted summary judgment to Defendant
Jeffrey Pomerantz for essentially the same reasons. [Docket Item
117.]

### C. Defendants' Motion For Summary Judgment

Presently before the Court is the motion of Defendants Eric
Taylor and Camden County Department of Corrections for summary
judgment. [Docket Item 126.] Defendants argue that the Camden
County Department of Corrections is essentially an
administrative designation for a department of Camden County
and, as such, is identical to the County itself, which the Court
has already dismissed without prejudice [Docket Item 9] because

local government units and supervisors are not liable under §
1983 solely under a theory of respondeat superior. Defendants
then argue that none of Plaintiff's claims regarding CCCF's
conditions rise to the level of a constitutional violation.
Defendants assert that Eric Taylor is entitled to qualified
immunity because it would not have been clear to Warden Taylor
that his conduct was unlawful.

Finally, Defendants argue that the medical claims should be
dismissed because, previously, the Court held that it "has found
no evidence from which a reasonable factfinder could conclude
that [Plaintiff's] medical care was constitutionally infirm or
that the care provided by Defendant was the proximate cause of
Plaintiff's alleged injury, or, indeed, that Plaintiff suffered
any injury at all." Rahman v. Taylor, CIV. 10-0367 JBS/KMW, 2011
WL 4386733, *12 (D.N.J. Sept. 20, 2011).

In their Statement of Material Facts ("SOF"), Defendants
specify that the Camden County Department of Corrections is an
administrative designation for the County Department that
includes the Warden of the Camden County Correctional Facility.
Defendants also note that Camden County is a party to class
action litigation, Dittimus-Bey v. Taylor, Civ. No. 05-cv-0063
(JBS-JS) (D.N.J. filed Jan. 6, 2005), addressing overcrowding
and allegations of unconstitutional confinement similar to
Plaintiff's allegations. (Docket Item 126-1, SOF ¶ 13.) Pursuant

to this litigation, Camden County and the <u>Dittimus-Bey</u>
plaintiffs entered into a series of consent decrees that have
reduced the jail population and monitored conditions within the
facility. (SOF ¶¶ 14-16.)

Plaintiff did not file any response to Defendants' motion.

**III. STANDARD OF REVIEW**

Summary judgment is appropriate when the materials of
record "show that there is no genuine issue as to any material
fact and the movant is entitled to judgment as a matter of law."
Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence
is such that a reasonable jury could return a verdict for the
non-moving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S.
242, 248 (1986). A fact is "material" only if it might affect
the outcome of the suit under the applicable rule of law. <u>Id.</u>

Where, as in this case, the nonmoving party bears the
burden of persuasion at trial, the moving party may be entitled
to summary judgment by observing that there is an absence of
evidence to support an essential element of the nonmoving
party's case. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325
(1986). The plain language of Rule 56(c) "mandates the entry of
summary judgment, after adequate time for discovery and upon
motion, against a party who fails to make a showing sufficient
to establish the existence of an element essential to that
party's case, and on which that party will bear the burden of

6

proof at trial." Id. at 322. In such a situation, "there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." Id. at 323-24.

Thus, a plaintiff opposing a defendant's motion for summary judgment has the burden of coming forward with evidence, not merely allegations, that would raise a genuine dispute of material fact and suffice to enable a reasonable jury, giving all favorable inferences to the plaintiff as the party opposing summary judgment, to find in plaintiff's favor at trial. Rule 56(c)(1)(A) provides that the nonmovant, to create a genuine issue of material fact, must do so by:

> citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . .

Rule 56(c)(1)(A), Fed. R. Civ. P.

In the present case, Plaintiff's failure to respond "is not alone a sufficient basis for the entry of a summary judgment." Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990). The Court must still determine, even

for an unopposed summary judgment motion, whether the motion for summary judgment has been properly made and supported and whether granting summary judgment is appropriate. Id.

In order to grant Defendants' unopposed motion for summary judgment, where, as here, "the moving party does not have the burden of proof on the relevant issues, . . . the district court must determine that the deficiencies in opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law." Anchorage Assocs., 922 F.2d at 175. Additionally, pursuant to Local Civil Rule 56.1(a), Defendant's statement of material facts not in dispute, as to which Plaintiff has filed no objection and counter statement, is deemed undisputed for the purposes of this summary judgment motion.

### IV.  ANALYSIS

Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324. Where a party fails to properly address the movant's assertions of fact as required in rule 56(c), the Court may consider the facts undisputed for purposes of the motion and grant summary judgment if the motion papers

8

show that the movant is entitled to it. Rule 56(e)(2) & (3), Fed. R. Civ. P.

Even though there is no opposition filed, the Court examined the record to see if any such affidavits, depositions, answers to interrogatories or admissions on file lent factual support to Plaintiff's allegations. Defendants sent interrogatories to Plaintiff asking him, inter alia, to set forth each act of wrongdoing and the facts he would rely on to establish each act of wrongdoing. (SOF ¶ 11.) In response to this question, Plaintiff wrote, "any written claims of the Plaintiff would be contained in his Complaint . . . which is incorporated herein by reference . . . ." [Docket Item 126-9 at 4 ¶ 5.] His reference to mere pleadings is insufficient.

Rule 56(e) "permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves . . . ." Celotex, 477 U.S. at 324 (addressing a prior version of Rule 56(e) substantially unchanged by recent amendments in 2010).[4]

---

[4] The Court has considered the option of giving Plaintiff even more opportunity to address this summary judgment motion, which is the first option listed in Rule 56(e)(1). The Court declines to do so. The Defendants have been frustrated in their attempts to obtain responsive discovery from Mr. Rahman, as shown by his refusal to supply sworn, responsive answers to interrogatories calling for the facts that support his broad allegations. The Defendant who has attempted to learn the facts from Plaintiff should, in fairness, not have to await the Plaintiff's response to a summary judgment motion to receive this discovery,

Plaintiff has not produced any evidence to support his claims; his Second Amended Complaint is not evidence and thus does not suffice to survive a motion for summary judgment.

The absence of evidence is particularly glaring because Plaintiff's Second Amended Complaint does not allege that Warden Taylor or the Camden County Department of Corrections engaged in specific, harmful acts. He appears to assert that Taylor and the Department of Corrections are liable because they ran the CCCF and were aware of the conditions.

A state or county actor cannot be liable under § 1983 on the basis of respondeat superior. A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Detention Ctr., 372 F.3d 572, 580 (3d Cir. 2004) (citing Monell v. New York Dep't of Soc. Servs., 436 U.S. 658, 691-92 (1978)). Rather, liability is established when the "government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" and "there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation . . . ." Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 249-50 (3d Cir. 2007) (quoting Monell and City of Canton v. Harris, 489 U.S. 378, 385 (1989)). The plaintiff must show that "a government policymaker is

_____

especially where Plaintiff has submitted no response to the motion.

10

responsible by action or acquiescence for the policy or custom"
and that the government acted "with deliberate indifference to
the purported constitutional deprivation in order to ground
liability." Jiminez, 503 F.3d at 250.

Essentially, municipalities and state actors cannot be
liable simply because they had supervisory authority, absent any
evidence that they were responsible through specific actions or
knowing acquiescence. Plaintiff has produced no such evidence
here. He has neither produced evidence nor pointed to evidence
in the record from which a reasonable jury could find that his
claims are substantiated. This failure is fatal to his claims.

**V.   CONCLUSION**

The motion for summary judgment of Defendants Eric Taylor
and Camden County Department of Corrections will be granted
because Plaintiff has not adduced any evidence to support his
claims. Because summary judgment will be entered for Defendants
Eric Taylor and Camden County Department of Corrections, no
Defendants remain in this action. This action will be closed.

The accompanying Order is entered.


**March 21, 2013**                    **s/ Jerome B. Simandle**
    Date                         JEROME B. SIMANDLE
                                 Chief U.S. District Judge